UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOLIDAY OLJII ANNA PEDOTTI, II,

              Plaintiff,

-against-

GRAND LODGE OF THE STATE OF NEW YORK; JOSEPH PASSARETTI PROJECT CHAIRMAN; TED HARRISON COMMITTEE CHAIRMAN MASONIC FRATERNITY; RW BRUCE TESTUT CHAIRMAN MASONIC BROTHERHOOD FUND; AUDIT COMMITTEE; NECROLOGY COMMITTEE; TECHNOLOGY COMMITTEE; WILLIAM J. THOMAS OF THE MASONIC BLOOD AND ORGAN DONOR PROGRAM COMMITTEE; MILITARY OUTREACH PROGRAM; AURORA GRATA-DAY STAR LODGE NO. 647 COMMUNITY ORGANIZATION; CHANCELLOR ROBERT R. LEVINE LIBRARY AND MUSEUM IN NEW YORK; THE BROTHERHOOD FUND OF GRAND LODGE OF THE STATE OF NEW YORK; DR. WILLIAM ALEXANDER BERK MD OF MT. SINAI BETH ISRAEL MANHATTAN; MASONIC MEDICAL RESEARCH INSTITUTE (MMRI) NEW YORK, NEW YORK; BKPD IN KINGS COUNTY; ANTHONY DAMO AKA ANTHONY DANO; DAMO CONSTRUCTION JAMAICA, NEW YORK; THE ESTATE OF CLEMENTE DAMO OR TRUST FOR CLEMENTE DAMO AND LILIANA DAMO & ALL ESTATE OR TRUST IN UNITED STATES, COLUMBIA OR PORTUGAL; ERIC A. JOHNSON; THE ERIC A. JOHNSON SURVIVOR TRUST ET AL. OF THE AUDREY B. JOHNSON AND ERIC A. JOHNSON LIVING TRUST; REZI NAMAZI REAL ESTATE ET AL THE NEW YORK ROMANTIC HASH HALPER ESTATE; THE CHURCH OF SCIENTOLOGY DUSTIN MUSCATO AND AMANDA MINTZ; RANDOLPH K. ADLER JR. RK ADLER LAW ASCENDING VENTURES, ET AL.; BROOKLYN MASONIC TEMPLE; MOUNT SINAI ALL SUBSIDIARIES AND RESEARCH ORGANIZATIONS, ETC.,

              Defendants.

22-CV-6296 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, filed this complaint alleging that she is "being Remotely Morphed and Disfigured" into "a Masculine and Americanized version of" herself in "<u>A Non-Consensual Human Experiment</u> that is Attacking [her] HUMAN LIFE in every regard." (ECF No. 1 at 3.) By order dated September 8, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (principle that allegations are assumed to be true is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, *inter alia*, alleges the following in her complaint:

> My ENTRE BODY from my Sexual Organs to my Lost Cheekbones and Slavic Bone Structure to my Chest Cavity and Ribcage to my Voice Box to my Hearing and Aural Health to my Hands, Arms, Muscles and Muscle Production, Fat Patterns, Hair Patterns, Hormones and Femininity (which I LOVE and PROTECT in all circumstances no matter what; I look forward to becoming a mother and remaining TRUSTWORTHY, not COMPUTERIZED by Unknown / Disliked Person(s) and or systems, of Unknown Origin - NO CONTACT DATA PROVIDED THROUGHOUT), Facial Expressions and underlying Facial Structure, Vascular System and Network, amongst ALL other Recognizable and Personal/PRIVATE elements of my Unique Person have been destroyed by a Computer Program and I reject the entire scenario and experiment.

(*Id.*)

Attached to the complaint are multiple photographs of Plaintiff. Plaintiff seeks "trillions" of dollars in money damages. (*Id.* at 5.) After filing her complaint, Plaintiff submitted letters and motions requesting leave to amend her complaint, a "medical injunction," and other forms of relief. (ECF 2, 3, 5, 6, 10-13.)

## DISCUSSION

### A.   Dismissal of Plaintiff's complaint as frivolous

Plaintiff's complaint, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, is largely conclusory. Plaintiff provides no facts to support her assertions; accordingly, there is no predicate on which this Court can evaluate her claims. Indeed, the complaint provides no facts suggesting that the alleged actions of Defendants are even possible. Allegations such as these are legally classified as frivolous. *See Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). The Court therefore dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (holding that dismissal is appropriate when factual allegations are "fanciful, fantastic, or delusional" (citation and internal quotation marks omitted)).

**B.       Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's irrational allegations cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.       Litigation History**

Since July 21, 2022, Plaintiff has filed seven *pro se* actions in this court, 22-CV-6199, 22-CV-6220, 22-CV-6222, 22-CV-6288, 22-CV-6296, 22-CV-7695. Plaintiff has been warned that continued nonmeritorious or frivolous litigation in this Court will result in an order barring her, under 28 U.S.C. § 1651, from filing new actions IFP without prior permission.[1] *Pedotti v. Mt. Sinai*, ECF 1:22-CV-6199, 1 (S.D.N.Y. Sept. 26, 2022) (dismissing complaint as frivolous). That warning remains in effect.

**CONCLUSION**

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's requests for permission to amend (ECF Nos. 4, 11-12) are denied as moot.

---

[1] Plaintiff has also been warned against abusing the court's procedures for email filing by *pro se* litigants. *See In Re Pedotti*, Nos. 22-CV-6199, 22-CV-6220, 22-CV-6222, 22-CV-6288, 22-CV-6296 (S.D.N.Y. Aug. 16, 2022). That warning also remains in effect.

Plaintiff is warned that further nonmeritorious or frivolous litigation in this court may result in an order barring her from filing any new actions without prior permission. The Clerk of Court is directed to terminate any outstanding motion in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   September 27, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge