UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOLIDAY OLJII ANNA PEDOTTI, II,

                Plaintiff,

-against-

GRAND LODGE OF THE STATE OF NEW YORK, *et al.*,

                Defendants.

22-CV-6296 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff filed this action *pro se*. On September 27, 2022, the Court dismissed the complaint as frivolous. Since then, Plaintiff has filed multiple letters, motions and a memorandum of law seeking to amend her complaint and for reconsideration. (ECF 20-35.). The Court liberally construes Plaintiff's submissions as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b), and a motion for reconsideration under Local Civil Rule 6.3 *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

**A.    Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

        A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been

previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

Plaintiff filed this complaint alleging that she is "being Remotely Morphed and Disfigured" into "a Masculine and Americanized version of" herself in "A Non-Consensual Human Experiment that is Attacking [her] HUMAN LIFE in every regard." (ECF No. 1 at 3.) The Court dismissed the complaint as frivolous. (ECF 18.) In the memorandum of law submitted on October 1, 2022, Plaintiff writes:

> The phallic wedding ring finger just turned itself towards my face. The chemical attack of my wedding ring finger is perhaps the most personally offensive and damaging, however it is the least-discussed element of the terrorism filings I have submitted to courts due to the personally sensitive nature of my moral integrity, personal beliefs and religious values. I cannot detail this psychologically while maintaining my sanity as a PTSD survivor.

(ECF 27 at 1.)

In this and her other submissions, Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

B.  **Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

C.  **Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## WARNING

Since July 21, 2022, Plaintiff has filed seven *pro se* actions in this court, 22-CV-6199, 22-CV-6220, 22-CV-6222, 22-CV-6288, 22-CV-6296, 22-CV-7695. In the order dismissing this case, the Court warned Plaintiff that continued nonmeritorious or frivolous litigation in this Court will result in an order barring her, under 28 U.S.C. § 1651, from filing new actions IFP without prior permission. (ECF 18.) *See also Pedotti v. Mt. Sinai*, ECF 1:22-CV-6199, 1 (S.D.N.Y. Sept. 26, 2022) (dismissing complaint as frivolous and issuing warning). Plaintiff has also been warned against abusing the court's procedures for email filing by *pro se* litigants. *See In Re Pedotti*, Nos. 22-CV-6199, 22-CV-6220, 22-CV-6222, 22-CV-6288, 22-CV-6296 (S.D.N.Y. Aug. 16, 2022). All prior warnings remains in effect.

## CONCLUSION

The Court denies Plaintiff's motions to amend her complaint, for reconsideration of the dismissal of this case, and all other outstanding applications for relief. The Clerk of Court is directed to terminate the motion filed on October 18, 2022. (ECF 35.)

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 19, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge